UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | CR No. 11-187M |
| | : | |
| MARIO PERRETTA | : | |

**MEMORANDUM AND ORDER**

Before this Court is Defendant's letter requesting appointment of counsel for purposes of "possibly" pursuing a 28 U.S.C. §2255 petition. The letter will be treated as a pro se Motion for Appointment of Counsel. (Document No. 25). The Motion for Appointment of Counsel has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). For the reasons set forth below, Defendant's Motion for Appointment of Counsel is DENIED.

"A convicted criminal has no constitutional right to counsel with respect to habeas proceedings." Ellis v. United States, 313 F.3d 636, 652 (1st Cir. 2002) citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Although the First Circuit has indicated that, "in certain circumstances, the appointment of counsel for a section 2255 petitioner might be warranted, such cases are few and far between." Ellis, 313 F.3d at 653 citing United States v. Mala, 7 F.3d 1058, 1063-1064 (D.P.R. 1993).

From a review of the pro se documents filed in this case to the present time, the Court finds that Defendant has shown the capacity to prosecute the claim and that Defendant has at least a basic understanding of the legal procedures to be followed. Additionally, there appears to be no merit to Defendant's "possible" Section 2255 filing. He entered a plea of guilty, and Judge McConnell sentenced him within the guideline range and thus Defendant's appeal rights were waived pursuant

to the clear terms of his Plea Agreement. The fact that Judge McConnell exercised his sentencing discretion to impose a sentence at the high-end of the guideline range does not of itself present any valid grounds for a challenge under Section 2255, and Defendant has not suggested any other potential error. If Defendant files a pro se petition under Section 2255 and the District Court subsequently determines that an evidentiary hearing is warranted, Defendant may refile his Motion for Appointment of Counsel, and the Court will reconsider the request. See Rule 8(c), Federal Rules Governing Section 2255 cases. Thus, the Court determines that Defendant does not, at this time, meet the test for appointment of counsel and will, therefore, be required to prosecute any possible Section 2255 action by himself.

IT IS THEREFORE ORDERED, that Defendant's Motion for Appointment of Counsel is DENIED without prejudice.

SO ORDERED

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 24, 2012